Carl W. Hampe (DC Bar # 440475)
Daniel P. Pierce (DC Bar # 988836)
Fragomen, Del Rey, Bernsen & Loewy, LLP
1101 15th St. NW, Suite 700
Washington, DC 20005
Phone (202) 223-5515
Fax (202) 371-2898
champe@fragomen.com
dpierce@fragomen.com
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **Suzanne Ericsson** | ) | |
| 16 South Road | ) | |
| St. Georges Parish | ) | |
| HS 02 Bermuda | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | Civil No. ____**1:19-cv-2075**____ |
| | ) | |
| **U.S. Department of State** | ) | |
| 2201 C St. NW | ) | |
| Washington, DC 20520 | ) | |
| | ) | |
| **Defendant.** | ) | |

**COMPLAINT FOR INJUNCTIVE RELIEF**

Plaintiff Suzanne Ericsson, by and through undersigned counsel, hereby alleges as follows:

1.      This Complaint seeks injunctive and other appropriate relief under the Freedom of Information Act (FOIA), 5 U.S.C. § 552.  Specifically, Plaintiff seeks to compel the Department of State (the "State Department" or "Defendant") to comply with its obligations under FOIA to release agency records relating to her immigration matters that Plaintiff requested and that Defendant has improperly withheld from her.

1

## PARTIES

2.      Plaintiff Suzanne Ericsson is a citizen of Sweden who resides in Bermuda.

3.      Defendant U.S. Department of State is an executive department bearing responsibility for (i) the administration and enforcement of U.S. immigration laws, (ii) the processing of certain visa requests, including those made by Plaintiff, and (iii) the maintenance of records relating to, *inter alia*, such visa requests.  Defendant is an "agency" for purposes of 5 U.S.C. § 552(f)(1) and has possession, custody, and/or control of the records that Plaintiff seeks.

## JURISDICTION AND VENUE

4.      The Court has both subject matter jurisdiction and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B).  Subject matter jurisdiction further lies under 28 U.S.C. § 1331 because this Matter presents a question of federal law.

5.      Venue properly lies in this judicial district under 5 U.S.C. § 552(a)(4)(B) because of the nature of this Matter and under 28 U.S.C. § 1391(e) because Defendant is an agency of the federal Executive Branch.

## FACTS

6.      On November 12, 2018, Plaintiff, through Counsel, filed a FOIA request with the Department of State seeking documents relating to her, including information in Defendant's database and documents in Defendant's files relating to Plaintiff's visa requests.  The agency number relating to that request is F-2019-01254.

7.      On March 12, 2019 (and well after the statutory 20-day response period had passed), Defendant replied to Plaintiff's FOIA request.  Defendant stated that it had located and reviewed 238 documents totaling 376 pages that were relevant to Plaintiff's request.  Defendant, however, produced to Plaintiff only 18 documents in full and six documents in part.

8.      Defendant asserted that the remaining records or portions thereof were specifically exempted from disclosure by another statute for purposes of the FOIA exemption at 5 U.S.C. § 552(b)(3).

9.      Defendant cited 8 U.S.C. § 1202(f) as the sole statutory basis for its refusal to provide the remaining requested documents and cited *Medina-Hincapie v. Department of State*, 700 F.2d 737 (D.C. Cir. 1983), as supporting its lack of further disclosures.

10.     Defendant produced no index or other document that would permit Plaintiff to evaluate the validity of the claimed FOIA exemption.

11.     On April 17, 2019, Plaintiff lodged an internal agency appeal contesting Defendant's overly broad invocation of the FOIA exemption.

12.     As of the date of this lawsuit, Defendant has not responded to Plaintiff's internal appeal of its adverse FOIA determination.

13.     Because more than 20 business days have now passed since Plaintiff lodged her appeal, Plaintiff has exhausted her administrative remedies as a matter of law.  *See* 5 U.S.C. § 552(a)(6)(A)(ii) (requiring "determination with respect to any appeal within twenty days after receipt of such appeal" excluding weekend days and holidays); *id.* at § 552(a)(6)(C)(i) (administrative remedies deemed exhausted "if the agency fails to comply with the applicable time limitations").

14.     Judicial review of Defendant's FOIA decision is now proper.  Defendant's withholding of records under 8 U.S.C. § 1202(f) in the circumstances here is improper.

15.     The statute and caselaw permits Defendant to withhold consular notes and memoranda discussing or justifying a visa denial decision.  On information and belief, however, the over 200 documents that Defendant withheld in their entirety or in part do not reflect such decisionmaking.

16.     Moreover, on information and belief Defendant's "CLASS" database contains information that organizes, summarizes, and disseminates the results of Defendant's decisionmaking to other government agencies.  Such information would also not be shielded from FOIA disclosure on the grounds that Defendant asserted.

## CLAIMS FOR RELIEF

## FIRST CAUSE OF ACTION – VIOLATION OF FOIA FOR FAILURE TO COMPLY WITH STATUTORY DEADLINES

17.     The allegations contained in the preceding paragraphs are repeated and incorporated as though fully set forth herein.

18.     Defendant is an agency subject to FOIA.  *See* 5 U.S.C. §§ 551(1), 552(f)(1).

19.     Plaintiff has sought records that are within the possession, custody, and/or control of Defendant for purposes of FOIA.

20.     Defendant failed to make a timely determination regarding Plaintiff's initial request and has failed entirely to respond to Plaintiff's appeal of Defendant's adverse determination within the statutory timeframe.  *See* 5 U.S.C. § 552(a)(6)(A).

21.     Plaintiff is deemed to have exhausted applicable administrative remedies with respect to her request under the terms of the FOIA statute.  *See* 5 U.S.C. § 552(a)(6)(C)(i).

## SECOND CAUSE OF ACTION – IMPROPER WITHHOLDING OF AGENCY RECORDS UNDER FOIA

22.     The allegations contained in the above-entitled paragraphs are repeated and incorporated as though fully set forth herein.

23.     Defendant is an agency subject to FOIA.  *See* 5 U.S.C. §§ 551(1), 552(f)(1).

4

24.     Plaintiff has sought records that are within the possession, custody, and/or control of Defendant for purposes of FOIA.

25.     Defendant failed to provide proper access to or copies of records responsive to Plaintiff's request in violation of FOIA.  *See* 5 U.S.C. § 552(a)(3).

26.     On information and belief, Defendant has wrongly asserted that numerous records responsive to Plaintiff's request are exempt from disclosure under FOIA.

27.     Plaintiff is deemed to have exhausted applicable administrative remedies with respect to her request under the terms of the FOIA statute.  *See* 5 U.S.C. § 552(a)(6)(C)(i).

## **PRAYER FOR RELIEF**

Plaintiffs hereby pray for relief as follows:

1.      That the Court order Defendants to produce an index of withheld documents pursuant to *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977 (1974), so that the Court can determine the propriety of Defendant's exemptions;

2.      That the Court order Defendants to disclose all records or portions thereof to which Plaintiff is entitled under FOIA;

3.      That the Court issue a declaration stating that Plaintiff is entitled to disclosure of the requested records;

4.      That the Court award Plaintiff's reasonable attorneys' fees and costs incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

5.      That the Court provide further relief as it deems appropriate, just, and equitable.

DATED July 12, 2019                    Respectfully submitted,

                                       /s/ Carl W. Hampe

                                       Carl W. Hampe (DC Bar # 440475)
                                       Daniel P. Pierce (DC Bar # 988836)

Fragomen, Del Rey, Bernsen & Loewy LLP
1101 15th St. NW Suite 700
Washington, DC  20005
Phone  (202) 223-5515
Fax  (202) 371-2898
champe@fragomen.com
dpierce@fragomen.com

*Attorneys for Plaintiffs*